IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELANIE WILLIAMS, )
on behalf of Plaintiff )
and the class defined in )
the Complaint, )
 )
                Plaintiff, )
 )    1:09CV722
   vs. )
 )
BROCK & SCOTT, PLLC; )
BULLHEAD INVESTMENTS, LLC, )
 )
                Defendants. )
 )

**ORDER APPROVING FINAL CLASS ACTION SETTLEMENT**

This matter is before the court to determine final approval of the class action settlement agreement, pursuant to this court's March 16, 2011 Order on Plaintiff's Agreed Motion for Preliminary Approval of Class Action Settlement Agreement (Doc. 42). The matter has been fully briefed, and a fairness hearing was held on August 4, 2011. Defendants have also filed post-fairness hearing briefing. (See Docs. 59, 60.)

The court, having been fully advised in the premises, finds as follows:

    1.   It has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1692k.

    2.   In reiteration of its prior Order, that for the purposes of settlement, class certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is appropriate. Specifically, the court finds that joinder of the 296 individuals identified as potential class members into this litigation would be impractical (Fed. R.

Civ. P. 23(a)(1)), class members share a common and predominant issue insofar as each alleges that Defendants sued them on purportedly time-barred debts in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Fed. R. Civ. P. 23(a)(2) and (b)(3)), Plaintiff's claims are typical of those of class members (Fed. R. Civ. P. 23(a)(3)), Plaintiff has pursued this litigation vigorously and retained counsel capable of prosecuting the claims without conflict (Fed. R. Civ. P. 23(a)(4)), and class resolution is superior to other claim methods because dealing with the class members' claims in a single proceeding will conserve judicial resources and avoid inconsistent results (Fed. R. Civ. P. 23(b)(3)).

3. The notice provided to class members as required by this court's March 16, 2011 Order conforms to the requirements of due process and Federal Rule of Civil Procedure 23.

4. Class member Dale Reece has timely opted out and should be excluded from the class.

5. Through the exercise of due diligence by the parties, two hundred sixty-one class members were identified to have known addresses and are thus qualified class members. (The remainder either lacked a known address or were deceased without an open estate.)

6. Applying the test set forth in In re Jiffy Lube Sec. Litig., 927 F.2d 155 (4th Cir. 1991) ("Jiffy Lube"), the settlement is fair, reasonable, and adequate. See also In re Mills Corp. Sec.

Litig., 265 F.R.D. 246 (E.D. Va. 2009) ("Mills"). Specifically, as to fairness, the court has examined "(1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of [the] class action litigation." Mills, 265 F.R.D. at 254. The court finds that at the time of the proposed settlement, several significant motions were pending that sought dismissal of the lawsuit, class certification, and denial of class certification. (See Docs. 7-9, 13, 15-17, 22-24, 28, 30-34.) Suffice it to say that there was at least some doubt as to the outcome of the case for class members. Considering this background and the presence of 261 qualified class members, the award of $114.95 to each qualified class member on a contested claim where statutory damages are capped at $1,000.00 is a superior result providing a real benefit to them. Moreover, the case was vigorously litigated by experienced and prepared counsel, and the settlement was reached at arms-length. Although settlement was reached before any discovery was undertaken, Plaintiff researched and found instances where Defendants filed lawsuits that allegedly violated the FDCPA, thus supporting its contentions. Finally, given that the success of Plaintiff's claims rested in large part on the success of Defendants' constitutional challenge, the lack of discovery undertaken is not a bar to a finding that the settlement is fair. As to adequacy, the court has examined the following factors: "(1)

the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expenses of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." Mills, 265 F.R.D. at 254. The court finds that the class members' claims, while disputed, justify the award, particularly considering the statutory cap on the class members' aggregate award available under 15 U.S.C. § 1692k(a)(2)(B). Settlement eliminates costly discovery, motion practice, and trial. Finally, there is no substantial opposition to the settlement, there are no objections, and only one class member opted out (because of a pending separate action). In light of all the above, the court finds that the settlement is adequate and reasonable.

Based on these findings and for the reasons also stated on the record during the August 4, 2011, fairness hearing,

IT IS THEREFORE ORDERED as follows:

(1) The settlement agreement previously presented by the parties (Doc. 40, Appendix A), and preliminarily approved by this court on March 16, 2011 (Doc. 42), is now finally APPROVED.

(2) Dale Reece is excluded from the class, having timely opted out.

(3) The award of all relief provided for the class members by

the settlement agreement in the amount of $30,001.95 is APPROVED. Further, the selection of Crisis Control Ministry, of Winston-Salem, North Carolina, as the recipient of any *cy pres* award on account of uncashed class member checks is APPROVED.

(4) The incentive award to Melanie Williams provided by the settlement agreement in the amount of $2,000.00 is APPROVED.

(5) The award to class member Barbara W. Jenkins in the amount of $4,500.00 is APPROVED.

(6) Defendants shall make all payments due under the settlement, including class members' checks, by September 12, 2011.

(7) The case shall be stayed as of this date as to Plaintiff Melanie Williams and all members of the class. Defendants shall file a report of compliance with the terms of this Order by November 21, 2011. Upon demonstration of compliance with this Order, the court will enter a dismissal with prejudice on or after November 28, 2011 (which is approximately 14 days after the void date on checks distributed to class members) as to all class members.

(8) The award of attorneys' fees and costs to class counsel is appropriate. An Order setting forth that award will be entered separately.

(9)  This court retains jurisdiction over the settlement until the dismissal of the case with prejudice in order to oversee the settlement and ensure the distribution of relief.

(10) The releases agreed to by the parties in the settlement agreement are APPROVED.

(11) The parties shall cooperate with each other in order to perform as required under the settlement agreement.

/s/ Thomas D. Schroeder<br>United States District Judge

August 8, 2011